**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § § § | **CRIMINAL NO. 4:23-CR-119-SDJ-KPJ** |
| **RICHARD LANG** | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on January 11, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Brian O'Shea. The Government was represented by Assistant United States Attorney Wes Wynne.

On March 1, 2021, Senior United States District Judge Joseph F. Bataillon sentenced Defendant to time served followed by three (3) years of supervised release. *See* Dkt. 1-3 at 2–3. That same day, Defendant began serving his term of supervised release. *See* Dkt. 11 at 1.

On June 2, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (Dkt. 2), alleging Defendant violated eleven conditions of his supervised release. *See* Dkt. 2 at 1–5. On January 3, 2024, the Probation Officer filed the First Amended Petition for Warrant or Summons for Offender Under Supervision (the "Amended Petition") (Dkt. 11), alleging Defendant violated eleven conditions of his supervised release. *Id.* at 1–5. The Amended Petition asserts Defendant violated the following conditions of supervision: (1)–(3) Defendant shall not commit another federal, state, or local crime; (4) Defendant shall not

1

unlawfully possess a controlled substance; (5) Defendant shall make restitution in accordance with 18 U.S.C. §§ 3663–3663A; (6) Defendant shall make restitution in the amount of $52,368.16 to the Clerk of Court for the United States District Court for the District of Nebraska; (7) Defendant shall report to the Probation Officer as instructed; (8) Defendant shall not knowingly leave the judicial district where he is authorized to reside without first obtaining permission from the Court or the Probation Officer; (9) Defendant shall live at a place approved by the Probation Officer and shall notify the Probation Officer at least ten days before any change to his living arrangements; (10) Defendant shall work full time at a lawful type of employment unless excused from doing so by the Probation Officer; and (11) Defendant shall notify the Probation Officer within seventy-two hours of being arrested or questioned by a law enforcement officer. *See id.*

The Amended Petition asserts Defendant violated the foregoing conditions as follows:

(1) On or about March 23, 2023, in Dallas County, Texas, Defendant committed the offense of Theft of Property, a Class B Misdemeanor, by unlawfully purchasing merchandise with a business account he was not authorized to use. According to the offense report, Defendant entered a Napa Auto Parts store in Farmers Branch, Texas, and purchased a Milwaukee Inflator Kit and a Craftsman tool set on a business account he was not authorized to use. The stolen property was valued at $422.98. A warrant was issued, and he was ultimately arrested on the warrant on May 23, 2023, during a routine traffic stop in Hopkins County, Texas. This matter remains pending in Dallas County, Texas.

(2) Between April 25, 2023, and May 3, 2023, in Broken Arrow, Oklahoma, Defendant committed the offenses of Grand Larceny (two counts); Petit Larceny (two counts); and Obtaining Money/Property or Signature Under False Pretenses (four Counts) by unlawfully purchasing merchandise with a business account he was not authorized to use. According to the offense report, he went into a Napa Auto Parts in Broken Arrow, Oklahoma, and posed as an employee from Camping World RV Sales in Oklahoma City, Oklahoma. Defendant presented as though he was an authorized user of the company credit card. On April 25, 2023, he visited the store twice. The first time he unlawfully charged $1,127.56 worth of merchandise. The second time he unlawfully charged $397.82 worth of merchandise. On April 26, 2023, he unlawfully charged $709.46 worth of merchandise. On May 3, 2023, he unlawfully charged $1,497.53 worth of merchandise. No formal arrest was made, and the status of the charges is unknown.

On or about May 6, 2023, in Norman, Oklahoma, Defendant committed the offense of Unauthorized Use of Credit Card by unlawfully purchasing merchandise with a business account he was not authorized to use. According to the offense report, Defendant went into a Napa Auto Parts in Norman, Oklahoma, and posed as an employee of Christian Brothers and unlawfully purchased $2,268.96 worth of merchandise. No formal arrest was made, and the status of the charge is unknown.

Between May 19, 2023, and May 23, 2023, in Sulphur Springs, Texas, Defendant committed the State Jail felony offense of Theft of Property Two or More Convictions Enhanced, by unlawfully purchasing merchandise with a business account he was not authorized to use. According to the offense report, the police officer spoke with the owner of three Napa Auto Parts stores located in Sulphur Springs, Texas, Mt. Pleasant, Texas, and Paris, Texas. Defendant went into all three stores and charged several items to an account he was not authorized to use. Defendant posed as an employee of The Letico Group and unlawfully purchased $2,716.37 worth of merchandise at the Sulphur Springs, Texas, location. No formal arrest was made, and the status of the charge is unknown.

(3) On May 23, 2023, Defendant was arrested by the Hopkins County, Texas, Sheriff's Office for the offense of Possession of a Controlled Substance (Methamphetamine) Penalty Group 1 Greater Than 4 Grams Less Than 200 Grams, a Second-Degree Felony, and the Theft of Property warrant issued out of Dallas County, Texas. This case was adjudicated on September 20, 2023. Defendant was sentenced in the Hopkins County 8th Judicial District Court to four years imprisonment for this charge.

According to the Affidavit for Probable Cause, Defendant was stopped for failing to use a turn signal. Upon making contact with the law enforcement officer, Defendant appeared nervous and seemed disoriented. He admitted to having methamphetamine inside the car and, during the search, the officer located a small bag containing the controlled substance.

(4) Defendant possessed methamphetamine evidenced by the arrest on May 23, 2023.

(5)–(6) Defendant failed to pay restitution for the months of March 2023 and April 2023. On March 9, 2022, he was instructed to pay no less than $125.00 per month beginning March 15, 2022, and on the fifteenth day of each month thereafter. As of this writing, the outstanding balance is $48,399.38.

(7) Defendant failed to submit a monthly supervision report for the month of May 2023.

(8) Defendant traveled outside the Eastern District of Texas, as evidenced by the offenses committed in the State of Oklahoma on or about April 25, 2023, and May 6, 2023. He did not have permission to travel to Oklahoma.

(9) Around late March 2023 to early April 2023, Defendant moved from his approved residence and did not provide the Probation Officer with a new address. An unannounced home visit was conducted during the month of March 2023 to no avail. Also, on April 24, 2023, Defendant sent an email to the Probation Officer noting he did not have and address to report but would likely have one at the end of the week. He also indicated he had relocated. However, to date, he has not provided an updated address.

(10) Defendant has been unemployed since around March 8, 2023, as verified through his previous employer. He failed to notify the Probation Officer that he was unemployed.

(11) On April 27, 2023, Defendant was stopped by the Sherman Police Department for failing to make a complete stop at a stop sign. He did not contact the Probation Officer to report this law enforcement contact.

On January 11, 2024, the Court conducted a final revocation hearing on the Amended Petition. *See* Minute Entry for January 11, 2024. Defendant entered a plea of true to allegations one through eleven, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 21. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, having considered the arguments presented at the January 11, 2024, hearing, and for the reasons stated on the record, the Court finds an upward departure is appropriate in this case. The Court therefore recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, to run consecutively to any other term of imprisonment, with no term of supervised release to follow. The Court further recommends Defendant be placed at FPC Yankton in Yankton, South Dakota, if appropriate.

**So ORDERED and SIGNED this 18th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE